# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LeKENDRICK LAWUN MURPHY, | Case No. 08-14142 |
| Plaintiff, | Bernard A. Friedman<br>United States District Judge |
| vs. | |
| KIDS CLUB PROGRAM, *et al.*, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendants. | |

# REPORT AND RECOMMENDATION
# TO DISMISS PLAINTIFF'S COMPLAINT

## I. PROCEDURAL HISTORY

Plaintiff filed a complaint against defendants Kids Club Program and the University of Michigan on September 26, 2008. (Dkt. 1). Plaintiff also applied to proceed *in forma pauperis*. (Dkt. 2). Plaintiff's complaint states that "I'd thought of many charges included Title 18 crimes ... Chapter 110 Sexual Exploitation," and "other abuse of Children ..." (Dkt. 1, p. 1). Plaintiff goes on to state that "I myself thought our pediatric crisis center ozone house had a monopoly on such gathering activities and would attest as a former Miller House client such services are needed however the covert collection of such clientele has honestly impeded the free practice of my faith." *Id*. at 2. Plaintiff also writes that "I am still waiting

for a fatherhood my mother was discouraged from arranging a marriage however I reversed my decision and am looking for a filipina bride from a 'life time' marriage system because of the predatory activity associated with 'young'... seven year-old husbands to be they promise the 'empowerment' of my four to six year son or daughters mother who comes from a system that is as much as her husband." *Id*. Attached to plaintiff's complaint is a brochure from "The Kids Club Program." (Dkt. 1, pp. 3-4).

For the reasons set forth below, the undersigned **RECOMMENDS** that this matter be **DISMISSED** pursuant to 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 12(b)(1) because plaintiff has failed to state any discernable claim for relief and this Court has no subject matter jurisdiction.

**II. ANALYSIS**

Title 28 U.S.C. § 1915 is "meant to ensure indigent litigants meaningful access to federal courts and applies to both non-prisoner plaintiffs and to plaintiffs who are incarcerated." *Price v. Heyrman*, 2007 WL 188971, *1 (E.D. Wis. 2007) (internal citations omitted), citing, *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997), overruled on other grounds by *Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed

in forma pauperis under § 1915(a)."); *see also* Stefanski v. Kammeyer, 2008 WL 2062775, *1 (N.D. Ind. 2008) (same). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may screen the complaint before service on the defendants, and *must* dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim on which relief may be granted. Price, at *1, citing, Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992). The court is authorized to dismiss a claim as frivolous where "it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." Price, at *1, citing, Neitzke, 490 U.S. at 327.

To undertake this review of plaintiff's complaint, the Court need not address the propriety of plaintiff's *in forma pauperis* application because district courts "may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status." Price, at *1, citing, Rowe, 196 F.3d at 783. Moreover, a district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999), citing, Hagans v. Lavine, 415 U.S.

528, 536-537 (1974); *see also* In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims.). In considering whether a complaint should *sua sponte* be dismissed for lack of subject matter jurisdiction, the Court is especially mindful that a *pro se* litigant's complaint is to be construed liberally. Dekoven v. Bell, 140 F.Supp.2d 748, 754 (E.D. Mich. 2001), citing, Middleton v. McGinnis, 860 F.Supp. 391, 392 (E.D. Mich. 1994); Estelle v. Gamble, 429 U.S. 97, 106 (1976). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. Hospital Bldg. Co. v. Trustees. of Rex Hospital, 425 U.S. 738, 740 (1976). Further, "because access to the courts is essential to the enforcement of laws and protection of the values that are rooted deeply in our democratic form of government, this Court may not treat lightly the claims of any litigant, even those whose contentions appear fantastic and baseless on their face." Dekoven, 140 F.Supp.2d at 754. Thus, every complaint is "entitled to a thorough review to determine whether it has merit and states a federally cognizable claim." Id.

After a thorough and careful review of plaintiff's complaint, taking all allegations as true and construing them liberally, the undersigned is unable to discern any cognizable cause of action over which this Court might have

jurisdiction. Thus, the undersigned suggests that this matter be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## III.  RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that this matter be **DISMISSED** for failure to state a claim and want of jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limitation is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: December 4, 2008	s/Michael Hluchaniuk
	Michael Hluchaniuk
	United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on <u>December 4, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>not applicable</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: <u>LeKendrick Lawun Murphy, 312 West Huron, Ann Arbor, MI 48104</u>.

	s/James P. Peltier
	Courtroom Deputy Clerk
	U.S. District Court
	600 Church Street
	Flint, MI 48502
	(810) 341-7850
	pete_peltier@mied.uscourts.gov